People v Cruz (2025 NY Slip Op 00168)

People v Cruz

2025 NY Slip Op 00168

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 70399/22 Appeal No. 3436 Case No. 2023-03070 

[*1]The People of the State of New York, Respondent,
v
Oscarlito Cruz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Raymond L. Bruce, J.), rendered May 2, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
Defendant did not validly waive his right to appeal. Even considered in light of the written waiver, the record does not establish that defendant had a "full appreciation of the consequences" of the waiver (People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The court stated to defendant that he would not be allowed to raise any arguments on appeal from his conviction, and the court did not make clear "that some issues are nonwaivable" (People v Cisse, 228 AD3d 440, 441 [2024]; see also People v Shanks, 37 NY3d 244, 253 [2021]).
However, defendant's Second Amendment claim is unpreserved because it was not raised before the trial court (see People v Cabrera, 41 NY3d 35, 42, 50-51 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that defendant has not demonstrated that he has standing to challenge New York's gun licensing scheme, or that the criminal possession of a firearm statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record on direct appeal, in the absence of a CPL 440.10 motion (see People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024]). To the extent that the issue can be reviewed on this record, defendant fails to establish that his counsel was ineffective (see People v Stone, _ AD3d _ , 2024 NY Slip Op 05146 [1st Dept 2024]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025